F. S. ANDREWS v. JOSEPH W. DONOVAN, CIRCUIT JUDGE OF WAYNE COUNTY.

ESTATES OF DECEASED PERSONS—APPEAL BY CREDITOR FROM DISALLOWANCE OF CLAIM —PERMITTING CREDITORS WHOSE CLAIMS HAVE BEEN ALLOWED TO APPEAR BY ATTORNEY AND DEFEND THE APPEAL.

Relator applied for *mandamus* to compel the respondent to vacate an order allowing creditors whose claims had been allowed against the estate of a deceased person to appear by attorney and defend against the appeal of another creditor from the disallowance of his claim. An order to show cause was granted, a hearing had on petition and answer, and on November 20, 1896, the application was denied.

*Henry M. Cheever*, for relator, contended:

1. That the order of the respondent was improper, and should be vacated because:

a—The petition prayed that the attorney for Appleton and Iler might appear solely for the administrator, or in conjunction with the counsel for the administrator, whereas the order allows said parties, by James H. Brewster, "to enter their appearance in this cause as parties thereto;" that this introduces a third party into the trial of this issue, and one who is not legally interested therein or in the result.

b—That the practice and the statutes of this State do not recognize any such right to appear even in conjunction with the attorney for the administrator; that the administrator is a sworn officer, and it is not to be presumed that he will not contest the claim of the appellant to its fullest extent; that the only possible interest the other creditors can have in the allowance or disallowance of this claim would be in the fact that if it were allowed they would not receive as large a *pro rata* on their claims; that if the estate were worth $10,000, the application would not have been made, as the result would not have been material; that this shows conclusively that the motive is a mercenary and not a legal one.

c—That How. Stat. § 5910, provides that the appellant shall give notice to the administrator, and this is under the order of the probate court, but there is no provision for giving notice to the other creditors, or their attorneys.

d—That the action of counsel for the creditors whose claims have been allowed could not be disinterested; that he would be interested in defeating the appellant's claim simply for the reason that by so doing his clients would secure a larger portion of their claims than otherwise.

e—That the only cases where any one but the administrator can appear and manage the trial of an appeal from the decision of the commissioners are, first, where the administrator declines to appeal from a decision adverse to the estate; citing How. Stat. § 5916; *Crouch v. Circuit Judge*, 52 Mich. 596; *King v. Gridley*, 69 Id. 89; and, second, when the administrator has a claim in his own right against the estate which is disallowed by the commissioners, and he takes an appeal, in which case notice of the appeal must be given to all concerned, which would, of course, include creditors; citing How. Stat. § 5917; that How. Stat § 5852, authorizes a special administrator to commence and maintain suits as an administrator; that the same rule applies to general administrators; that they represent the estate, and it is for them to commence and maintain or defend suits, and no other parties have a right to interfere.

*f*—That said Appleton and Iler cannot in any sense be considered parties to this appeal; citing *Comstock v. Vance*, 95 Mich. 48; that they assume none of the responsibility for its prosecution, and yet they have been allowed to come in, and, to a certain extent, control the proceedings.

*g*—That said Appleton and Iler could not have appealed from the decision of the commissioners; that no one can appeal from any probate decree who is not aggrieved; that it has been held that no one is aggrieved except where the decree operates upon his right of property or bears directly upon his interest; citing *Besancon v. Brownson*, 39 Mich. 388; *Labar v. Nichols*, 23 Id. 310.

*J. H. Brewster*, for respondent, contended:

1. That it is difficult to see how relator is in anywise likely to be injured by the appearance of Appleton and Iler, who are admitted to be those chiefly interested in the estate; that it would seem that where the nominal party, the administrator, has neglected to cross-examine an important witness for the relator that those who are the real parties should be allowed to do so, and to present such evidence as they may have tending to show the invalidity of his claim, he being a brother of the deceased; that to the contention that such a proceeding is novel, it may be replied that the precise circumstances of this case are also novel.

2. That proceedings in probate courts against estates are analogous to proceedings *in rem*; that the estate is the thing; that the Minnesota statutes relating to proceedings before commissioner on claims are almost, if not quite, the same as our own, citing, as to the construction of said statutes, *State v. Probate Court*, 25 Minn. 22.

3. That if the relations between the relator and the administrator, who was the attorney of record for the decedent in the case in which Appleton obtained his judgment, were not so friendly as they are; if the administrator had cross-examined the chief witness for relator, who is the mother of the decedent; if the attorney, who earnestly contended against Appleton's claim in the circuit court, did not represent relator; if the adjudged creditors' claims did not equal the whole estate, while relator's claim, which has been disallowed, did not equal three times the estate, then creditors, in justice to whom respondent thought he ought to make the order complained of, might not have the same grounds for their motion, and they certainly could not urge as strong reasons in its support.

The facts as established by the petition and answer were:

*a*—That Nannie H. Clark died intestate in the state of Ohio in 1895; that administration of her estate in Michigan was committed by the probate court of Wayne county to William F. McCorkle, who qualified and entered upon the discharge of the duties of said office.

*b*—That commissioners on claims were appointed; that it appeared upon the argument of the motion for leave to appear that Ambrose Appleton was a judgment creditor, having obtained a judgment in the Wayne circuit court in a suit commenced during the life time of the said Nannie H. Clark, and revived against the administrator of her estate, for $662.13, including costs of suit, which judgment was certified to the probate court under the statute; that the total amount of claims allowed against the estate was $474.50; that the commissioners on claims were allowed by the probate court $100, making, with said judgment, an aggregate of $1,236.63, instead of $1,015.78 as alleged in relator's petition; that the latter sum represents the amount of claims adjudged against the estate in favor of creditors represented by James H. Brewster, a Detroit attorney, before said commissioners, and who now represents said claimants.

*c*—That relator is a brother of the decedent; that the witness whose deposition was taken in support of his claim is the mother of the decedent; that there was no evidence before respondent that relator's claim was disallowed by the commissioners upon technical grounds, nor as to the reason for its disallowance.

*d*—That the total amount of the estate, as shown by the inventory, and as near as can be estimated, is $1,400, part of it consisting of stock in the Detroit Gas Company.

*e*—That the report of the commissioners on claims was dated June 20, 1896; that the return to relator's appeal was made and the cause entered in the circuit court August 24, 1896; that on the

last named day the petition of Henry M. Cheever for a commission to take the testimony of one M. E. Synnestoedt, the mother of relator and of the decedent, was presented to respondent; that he indorsed thereon an order that said commission issue; that respondent has no information whether or not there was a stipulation between said Cheever and the administrator as to the taking of said testimony as stated in relator's petition, except that no such stipulation appears in the files in said cause in the circuit court, nor is there any calendar entry of the filing of the same; that it was stated in the petition for the commission that the administrator understood fully the situation and circumstances, and assented to the taking of the testimony of said witness as proposed by deposition or commission; that said commission was issued; that the deposition of said witness was taken at Cincinnati, Ohio, where she resided, on August 26, 1896, and on the following day said deposition was filed in the cause; that no cross interrogatories were submitted to said witness on behalf of the estate, nor was she orally cross-examined on its behalf.

*f*—That on August 27, 1896, Ambrose Appleton, the said judgment creditor, and John C. Iler, a creditor whose claim had been allowed by said commissioners, by James H. Brewster, their attorney, moved the court that they be allowed to appear by attorney in said cause; that the said commission be recalled, and a new one issued upon due notice to petitioner's attorney, upon the grounds that they were creditors of said decedent with adjudged claims against her estate amounting to more than three-fourths of its value, and were the parties chiefly interested in disputing the claim of relator against said estate; that they were entitled to be represented upon the hearing of relator's appeal by their own attorney; that the administrator was merely a nominal party, while creditors were the real parties.

[In the petition filed by Ambrose Appleton as the basis for said motion it was alleged that William F. McCorkle was the attorney for decedent in the suit brought against her by the petitioner; that on the trial of said cause he was represented by Henry M. Cheever, who earnestly contested petitioner's claim as plaintiff in that case; that relator was represented before the commissioners on claims by said Henry M. Cheever, who represents him on his appeal; that the relations existing between relator and said administrator are naturally friendly; that they have thus far done what they could to defeat petitioner's claim; that if relator's claim is allowed the petitioner and other creditors will receive but a small percentage of their claims, hence they are the parties chiefly interested in contesting relator's claim; that relator's claim was supported before the commissioners by the deposition of Mrs. M. E. Synnestoedt, of Cincinnati, Ohio, the mother of relator, the deposition having been taken by consent of the administrator upon interrogatories propounded by said Henry M. Cheever, and without notice to the creditors of the estate, or their attorney; that there was no cross-examination of said witness, nor were cross interrogatories propounded to her by any one; that said administrator has declined to allow said Brewster to represent the estate upon said appeal, on the ground that it would be offensive to relator; that he informed said Brewster that he would employ some other attorney; that said Brewster offered to conduct the case without expense to the estate. EDITOR.

*g*—That on September 4, 1896, an order was entered that Ambrose Appleton and John C. Iler might enter their appearance in the cause as parties thereto by James H. Brewster, their attorney, at their own expense, and without expense to the estate; that upon the filing of said order and service upon Henry H. Cheever, attorney for relator, and Bethune duffield, who had appeared for said administrator, of a certified copy of said order, said appearance should be deemed to have been entered in said cause; that said cause is upon the docket of

the present term of the Wayne circuit court, and has not yet been reached.

h—That it does not appear that relator can be injured, prejudiced, or affected in his legal rights by said order, and for this reason respondent submits relator's petition should be dismissed,